# Exhibit A



**SMITH | AMMONS | HOWLE**
ATTORNEYS AT LAW

DAVID M. SMITH, MANAGING PARTNER
GREGORY D. AMMONS, PARTNER
JOSHUA T. HOWLE, PARTNER
BRICE E. RICKER, PARTNER
MARSH A. JULIAN, ASSOCIATE

1668 Old Trolley Road, Suite 104 | Summerville, SC 29485 | P: 843.900.2020 | F: 888.247.0844 | **SAHLAWSC.COM**



November 15, 2022

**CERTIFIED MAIL; RETURN RECEIPT
RESTRICTED DELIVERY(7021 1970 0000 3503 1719)**
Berkeley County Water and Sanitation
c/o Jim Ouellet
Executive Director
212 Oakley Plantation Drive
Moncks Corner, South Carolina 29461

RE:  William Mallard vs. Berkeley County Water and Sanitation and Berkeley County Government
Case No.: 2022-CP-08-02313

Dear Jim Ouellet:

Enclosed please find a copy of the Summons and Complaint for service upon you as a Defendant in the above referenced matter.

Should you have any questions, please don't hesitate to call. Thank you for your attention to this matter.

Sincerely,

HS

Heather D. Sharkey
Paralegal to Brice E. Ricker, Esq.

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF BERKELEY | IN THE COURT OF COMMON PLEAS<br>CASE NO. 2022-CP-08-_____ |
| William Mallard,<br><br>    Plaintiff,<br><br>v.<br><br>Berkeley County Water and Sanitation and Berkeley County Government,<br><br>    Defendants. | **SUMMONS**<br>**JURY TRIAL REQUESTED** |

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 1668 Old Trolley Road, Suite 104, Summerville SC 29485, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

                                    SMITH AMMONS HOWLE AND RICKER

                                    Respectfully Submitted,

                                    s/ Brice E. Ricker
                                    Brice E. Ricker, Esq. (Bar No.: 101843)
                                    SMITH AMMONS HOWLE AND RICKER, LLC
                                    1668 Old Trolley Road, Suite 104
                                    Summerville, SC 29485
                                    (843) 900-2020

                                    ATTORNEY FOR THE PLAINTIFF

September 23, 2022
Summerville, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF BERKELEY | IN THE COURT OF COMMON PLEAS<br>CASE NO. 2022-CP-08-____ |
| William Mallard,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Berkeley County Water and Sanitation<br>and Berkeley County Government.,<br><br>　　　　Defendants. | **COMPLAINT**<br>**JURY TRIAL REQUESTED** |

　　　　The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

1. The Plaintiff is a citizen and resident of Berkeley County, South Carolina.

2. Defendant, Berkeley County Water and Sanitation. (hereinafter "BCWS"), is upon information and belief, a domestic corporation organized and existing under the laws of the State of South Carolina and maintaining premises, agents or employees in the State of South Carolina.

3. Defendant Berkeley County Government (hereinafter "Berkeley County") is upon information and belief a domestic corporation organized and existing under the laws of the State of South Carolina and maintaining premises, agents or employees in the State of South Carolina.

4. This suit is brought and jurisdiction lies pursuant to Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. Sec 12117) (hereinafter "ADA"), which incorporates by reference Sec. 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e-5.

5. All conditions precedent to jurisdiction under the ADA have occurred or been complied with.

    a. A charge of employment discrimination on the basis of Disability discrimination and Retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

ELECTRONICALLY FILED - 2022 Sep 23 11:28 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802313

ELECTRONICALLY FILED - 2022 Sep 23 11:28 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802313

    b. The Notice of the Right to Sue was received from the EEOC on or about August 17, 2022.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

6. The Defendants own and operate a business in Berkeley County and all of the events or omissions giving rise to the claim occurred in this judicial circuit.

7. All discriminatory and retaliatory employment practices alleged herein were committed within the State of South Carolina, County of Berkeley.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the ADA.

9. The Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA and was perceived to have a disability by the Defendants. More specifically, the Plaintiff is an individual with a disability who can perform the essential functions of his job and other jobs in the Defendants' employment, and who requested reasonable accommodations.

10. The Defendant is an industry that affects commerce within the meaning of the ADA.

11. The parties, subject matter, and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. The Plaintiff began working for Defendants as a pump mechanic on or around July 9, 2018.

13. At all times relevant herein, the Plaintiff acted lawfully and prudently and was an efficient and effective employee.

14. On or about March 16, 2021, the Plaintiff was injured when he tripped and fell into a hole covered by a defective manhole cover while under the course and scope of his employment with the Defendants.

15. The Plaintiff reported his injuries to his supervisor immediately and obtained medical treatment thereafter; he caused to be instituted, in good faith, a proceeding under the South Carolina Workers' Compensation Law (Title 42 of the 1976 Code).

16. Safety Resource officer, Jerry Crowley, informed Plaintiff that he has become a nuisance because Plaintiff had hired an attorney to obtain injured workers' benefits through Workers' Compensation.

17. Jerry Crowley further informed Plaintiff that if he were to miss more than two weeks – the Workers' Compensation insurance company would have to pay Plaintiff's wages, and that Berkeley County "didn't want Workers' Compensation to get involved."

18. Plaintiff was placed on light duty until his surgery was scheduled for August 26, 2021; after Plaintiff's surgery, Plaintiff was out-of-work temporarily on doctor's orders for approximately six and a half weeks; Plaintiff's requested leave was protected under the Family Medical Leave Act (hereinafter, FMLA) and the Defendants' attempts to deter the Plaintiff's surgery, necessary medical treatment, and requests for leave were in violation of the FMLA.

19. Prior to Plaintiff's scheduled return to work on or around October 11, 2021, Plaintiff was terminated on or around September 28, 2021, despite being able to perform the essential functions of his job.

20. Jerry Crowley informed Plaintiff that the reason for his termination was that he had discovered a medical record from 10 years ago that indicated a non-active lifting restriction related to Plaintiff's shoulder; the purported rationale for termination was merely pretext for the true nature of the termination: discrimination for a disability and what the Defendants perceived as a disability, retaliation for seeking protection under the Workers Compensation Act, retaliation for seeking protections under the FMLA, and retaliation for requesting reasonable accommodations.

21. Plaintiff had no restrictions prior to beginning his employment with Defendants and had even passed the County's physical prior to beginning his work assignment.

22. On September 28, 2021, the Defendants, their agents, servants and/or employees retaliated against the Plaintiff for seeking protections (and causing to be instituted a proceeding) under South Carolina's Workers' Compensation Act by wrongfully terminating his employment.

23. Further, Defendants discriminated against the Plaintiff based on his disability and perceived disability (a *medical record from 10 years ago that indicated a non-active lifting restriction related to Plaintiff's shoulder*) – and retaliated against him for complaining of disability discrimination and for requesting a reasonable accommodation.

### FOR A FIRST CAUSE OF ACTION
### Violation of SC Code §41-1-80
### Wrongful Termination/Discharge in Retaliation for Seeking Protections under the SC Workers' Compensation Act

24. The Plaintiff reiterates and realleges the allegations contained in the above paragraphs as if fully set forth herein.

25. The Plaintiff's termination arose directly from the Plaintiff's work-related injury claims.

ELECTRONICALLY FILED - 2022 Sep 23 11:28 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802313

ELECTRONICALLY FILED - 2022 Sep 23 11:28 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802313

26. The Plaintiff's termination, in fact, was retaliatory in nature for the Plaintiff's workers' compensation claim and the arbitrary and irrational reason given by the Defendant was pretextual, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

27. The Plaintiff's institution of a workers' compensation claim was the determining factor in bringing about his discharge; that is, but for his WC claim, he would not have been terminated.

28. Plaintiff's safety manager, Jerry Crowley, made clear that the Defendants were unhappy with Mr. Mallard's decision to proceed with a Workers' Compensation claim, even explicitly stating that as a result of this decision, the Plaintiff had "messed everything up" and that the Defendants "didn't want WC getting involved!"

29. Mr. Crowley further expressed his dissatisfaction with the Doctor taking the Plaintiff out of work noting that he had known another individuals with worse injuries that did not require such healing timing requirements; he mentioned that the doctor should "go back to medical school."

30. The remarks made by the safety manager, Jerry Crowley, clearly demonstrate a distain for the Plaintiff's injury and WC claim culminating into his termination purportedly related to medical records corresponding to treatment received nearly 10 years prior.

31. The Defendants, seeking to justify their retaliatory decision to terminate the Plaintiff, vainly searched for any possible excuse including Mr. Crowley sending Plaintiff to a purportedly "random" drug test in June or July of 2021, which Plaintiff passed.

32. Due to the acts of the Defendants, their agents and employees, the Plaintiff is entitled to back wages, interest on those back wages and bonuses from the date of his termination to the present date, and front pay for wages he will lose in the future.

33. By reason of such wrongful and retaliatory discharge by the Defendants, their agents and employees, the Plaintiff has been damaged in an amount to be determined by the trier of fact.

## FOR A SECOND CAUSE OF ACTION
*(Violation of the Family Medical Leave Act: Interference)*

34. The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

35. Defendant is a qualified "employer" subject to the Federal Family Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as there is concurrent jurisdiction in state courts.

36. Plaintiff is informed and believes that he was entitled to take leave pursuant to the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.).

37. The Plaintiff – as previously stated – had a medical condition as prescribed under the Family Medical Leave Act.

38. Rather than immediately grant and enforce the Plaintiff's protected FMLA leave, the defendants argued with him that the leave was unnecessary – even expressing disbelief and frustration with the doctor's orders as previously described – all in an effort to interfere with his federally protected rights to leave under the Act – which constituted a violation of the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.).

39. Defendant's actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

40. Accordingly, Plaintiff is informed and believes that he is entitled to compensatory damages in the nature of the value of his lost wages and benefits, front pay, together with prejudgment interest thereon, as well as liquidated damages, punitive damages and his reasonable attorney's fees and costs for the bringing of this action

## FOR A THIRD CAUSE OF ACTION
### (*Violation of the Family Medical Leave Act: Retaliation*)

41. The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

42. As previously stated, the Defendants made clear their frustration with Plaintiff's requested protected leave – even stating the doctor who made the decision of leave a medical necessity needed to "go back to medical school."

43. The Plaintiff was fired during his protected medical leave and prior to exhausting it; the Defendants attempted to disguise the true nature of the termination by referencing 10-year-old medical records in an effort to show the Plaintiff's 10-year-old disability was the reason for ending his employment.

44. The Plaintiff is informed and believes that he was entitled to take leave pursuant to the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.) and Defendant's discipline against Plaintiff and discharge of his employment is a violation of his rights under said statute.

45. The Defendant's discipline against Plaintiff and discharge of Plaintiff following his notification of his medical condition and medical leave constituted a violation of the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.).

ELECTRONICALLY FILED - 2022 Sep 23 11:28 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802313

ELECTRONICALLY FILED - 2022 Sep 23 11:28 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802313

46. The Plaintiff's need for protected leave under the FMLA were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's need/requests for protected leave under the FMLA, he would not have been terminated.

47. The Defendants were wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

48. That the aforesaid conduct of Defendants, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of the FMLA.

49. In failing to protect the Plaintiff from retaliation, the Defendants acted with malice or reckless indifference to the federally protected rights set out under the FMLA. The Defendants violated the FMLA by allowing the retaliation to exist in the workplace.

50. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

## FOR A FOURTH CAUSE OF ACTION
### Violation of the ADA: Discrimination/Disparate Treatment

51. The Plaintiff reiterates and realleges the allegations contained in the above paragraphs as if fully set forth herein.

52. The Plaintiff is a handicapped person as defined by the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

53. The Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability and *perceived* disability pursuant to the ADA.

54. The Defendant has discriminated against the Plaintiff, a *perceived* handicapped person, without reasonable justification as prohibited by the ADA.

55. Despite having a disability and *being perceived by the Defendant to have a disability*, the Plaintiff has no current restrictions preventing him for performing the essential functions of his employment and passed the County's physical prior to beginning his work assignment; regardless, the defendant treated the Plaintiff worse than other similarly situated employees who were not disabled and not perceived as disabled. Specifically, the Defendants ostracized the Plaintiff, and terminated him from employment - all because of his disability and perceived disability; no other employees (*who were not disabled or perceived disabled*) were treated with such adverse employment actions and behaviors.

56. The Defendants reported that the Plaintiff was terminated for restrictions identified in 10-year-old medical records; this despite the Plaintiff passing the Defendants' physical exam prior to beginning employment.

57. Due to the acts of the Defendants, their agents, and employees, the Plaintiff is entitled to back wages plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of damages, attorney fees and costs.

## FOR A FIFTH CAUSE OF ACTION
### Violation of the ADA: Failure to Accommodate

58. The Plaintiff reiterates and realleges the allegations contained in the above paragraphs as if fully set forth herein.

59. The Plaintiff simply wanted to earn a living despite his on the job injury or any disabling conditions; he notified the Defendants he was able to return to work and perform the essential functions of the job, but the Defendant – fearing they would need to accommodate the Plaintiff upon his return - terminated the Plaintiff.

60. The Defendants next attempted to rationalize their decision by digging up 10-year-old medical records to justify the termination – a determination that was in itself discriminatory and in violation of the ADA.

61. The Defendants have failed to undertake any good faith efforts, in consultation with the Plaintiff, to identify and make reasonable accommodations for employment.

62. Due to the acts of the Defendants, their agents, and employees, the Plaintiff is entitled to back wages plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of damages, attorney fees and costs.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against the Defendants as follows:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of action;

2. An Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been kept in his proper employment, and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

ELECTRONICALLY FILED - 2022 Sep 23 11:28 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802313

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6. An award of the Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

SMITH AMMONS HOWLE AND RICKER

s/ Brice E. Ricker
Brice E. Ricker, Esq. (Bar No.: 101843)
SMITH AMMONS HOWLE AND RICKER, LLC
1668 Old Trolley Road, Suite 104
Summerville, SC 29485
(843) 900-2020

ATTORNEY FOR THE PLAINTIFF

September 23, 2022
Summerville, South Carolina

ELECTRONICALLY FILED - 2022 Sep 23 11:28 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802313